# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINE KARLICK and ANDREW KARLICK, | CIVIL ACTION NO. 3:15-CV-0474 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| LUMBER LIQUIDATORS, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is a Complaint (Doc. 1) filed by Plaintiffs Carinne and Andrew Karlick on March 9, 2015. Plaintiffs assert that the Court's basis for subject matter jurisdiction is diversity of citizenship. (*Id.*, ¶ 12.) Federal district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Analysis

The Complaint fails to properly identify Plaintiffs' citizenship. The Complaint alleges that Plaintiffs are residents of Pennsylvania. (Doc 1, ¶ 15.) While Plaintiffs identify in which state they reside, they do not identify the state in which each have *citizenship*.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of

citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). "When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges their state of citizenship. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent the Complaint alleges where the plaintiffs reside, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov,* 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiffs must allege the state of citizenship of each plaintiff, not merely of residence. Plaintiffs properly allege the citizenship of Defendant Lumber Liquidators, Inc. (Doc. 1, ¶ 16.)

## II. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given twenty-one (21) days to amend their complaint to show that diversity jurisdiction exists. Failure to do so will result in this action being dismissed.

**NOW**, this 23rd day of March, 2015, **IT IS HEREBY ORDERED** that Plaintiffs Carinne and Andrew Karlick are given leave to file an amended complaint within twenty-one (21) days from the date of entry of this order to address the identified defects.  If Plaintiffs fail to do so, the action will be dismissed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge